1  LARA R. SHAPIRO (State Bar No. 227194)
   4145 Via Marina # 324
2  Marina del Rey, CA 90292
3  Telephone: (310) 577-0870
   Facsimile: (424) 228-5351
4

5  *Of Counsel to*
   Lemberg & Associates LLC
6  A Connecticut Law Firm
7  1100 Summer Street
   Stamford, CT 06905
8  Telephone: (203) 653-2250
9  Facsimile: (203) 653-3424

10
   Attorneys for Plaintiff,
11 Monica Suarez

12

13            UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15

16                                    CV 10   1227

17 Monica Suarez,                    | Case No.:
18                                   |
19           Plaintiff,               | **COMPLAINT FOR DAMAGES**
                                     | **1. VIOLATION OF FAIR DEBT**
20      vs.                          | **COLLECTION PRACTICES ACT,**
                                     | **15 U.S.C. § 1692 ET. SEQ;**
21                                   |
   Central Credit Services; and DOES 1-10, | **2. VIOLATION OF FAIR DEBT**
22 inclusive,                        | **COLLECTION PRATICES ACT,**
                                     | **CAL.CIV.CODE § 1788 ET. SEQ.**
23           Defendants.              |
24                                   | **JURY TRIAL DEMANDED**
25
26
27
28

                                                    COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Monica Suarez, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Monica Suarez (hereafter "Plaintiff"), is an adult individual residing at 295 Foote Avenue, San Francisco, California 94112, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Central Credit Services (hereafter "CCS"), is a company with an address of 9550 Regency Square Blvd., Suite 602, Jacksonville, Florida 32225, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CCS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the approximate amount of $4,000.00 (the "Debt") to Toyota (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CCS for collection, or CCS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CCS Engages in Harassment and Abusive Tactics

12. The Plaintiff has been making payments to CCS towards the Debt.

2

COMPLAINT FOR DAMAGES

13. Still, CCS called the Plaintiff at her place of employment at least once per day.

14. The Plaintiff spoke to CCS's agent, Robert Bella.

15. The Plaintiff told Mr. Bella not to contact her at her place of employment because she cannot receive calls there, and directed CCS to call her cell phone in the future.

16. Mr. Bella continued to call the Plaintiff at her place of employment.

17. On Numerous occasions, Mr. Bella would contact the Plaintiff's co-workers and ask them where the Plaintiff was.

18. The Plaintiff told Mr. Bella that she was represented by an attorney, and for CCS to stop contacting her and direct their calls to her attorney.

19. Mr. Bella continued to call the Plaintiff to collect the Debt.

20. Mr. Bella told the Plaintiff that he was going to garnish her wages.

21. The Plaintiff stated she believed a court order was needed to garnish her wages.

22. Mr. Bella told her a court order is not needed to garnish wages in California.

23. Mr. Bella threatened to come to the Plaintiff's office to "track her down."

COMPLAINT FOR DAMAGES

24. Mr. Bella then yelled at the Plaintiff and told her to connect him to her Human Resources (HR) manager so that he could discuss the debt.

25. The Plaintiff did not connect Mr. Bella to her HR manager.

26. Mr. Bella then called the Plaintiff's employer's main line, and asked to be connected with the HR manager.

27. While speaking to the HR manager, Mr. Bella discussed the Debt, and demanded to be connected with the CEO of the company.

28. The HR manager did not connect the call.

29. The HR manager then went to discuss the matter with the Plaintiff.

30. The Plaintiff fears that she will be terminated by her employer as a result of Mr. Bella's actions.

C. **Plaintiff Suffered Actual Damages**

31. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

32. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

4

COMPLAINT FOR DAMAGES

33. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

36. The Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

37. The Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

38. The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

39. The Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

40. The Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

41. The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

42. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

43. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

44. The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

45. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

46. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

47. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

COMPLAINT FOR DAMAGES

48. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

51. CCS, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

52. The Defendants threatened the Plaintiff with garnishment or attachment of his wages if the debt was not paid, without intending to institute such proceedings, in violation of Cal. Civ. Code § 1788.10(e).

53. The Defendants used obscene and profane language when speaking with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).

54. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

55. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

56. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

57. The Defendants communicated with the Plaintiff's employer about the Plaintiff's debt, without consent of the Plaintiff's attorney or the Plaintiff, and without the purpose of verifying location or employment information, in violation of Cal. Civ. Code § 1788.12(a).

58. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

59. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

COMPLAINT FOR DAMAGES

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 per violation for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

COMPLAINT FOR DAMAGES

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: March 24, 2010           LARA SHAPIRO


By: /s/ *Lara R. Shapiro*
Lara R. Shapiro

Attorney for Plaintiff
Monica Suarez

10

COMPLAINT FOR DAMAGES